UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANDISON FRANCISCO CHAVEZ
RODRIGUEZ (A-Number: 240-591-879),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY
DETENTION CENTER, et al.,

Respondents.

No.  1:26-cv-03268-KES-FJS (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND REQUIRING
BOND HEARING WITHIN TEN (10) DAYS

Doc. 1

Petitioner Andison Francisco Chavez Rodriguez is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by the petition.  *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 5.  Respondents note that petitioner pled nolo contendere to driving under the influence and the charge was reduced to reckless

1

driving with alcohol being a significant factor, that petitioner was sentenced to probation, and that petitioner's probation was revoked for alcohol consumption. *See* Doc. 6 at 1–2. They argue that "[t]his case is distinguishable from the cases cited in the Court's Minute Order, ECF 5, to the extent Petitioner was re-detained based on an encounter with law enforcement." *See id.*

Respondents' attempts to distinguish this case are unpersuasive. While petitioner's criminal history may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, petitioner's criminal history does not eliminate his due process right to a bond hearing. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025). Moreover, none of petitioner's criminal offenses fall within the scope of 8 U.S.C. § 1226(c), so petitioner is not subject to mandatory detention on that basis. *See* 8 U.S.C. § 1226(c). Respondents instead argue that petitioner is subject to 8 U.S.C. § 1225(b), an argument this Court rejected in each of its prior decisions identified above.

As respondents have not made any have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to provide petitioner Andison Francisco Chavez Rodriguez (A-Number: 240-591-879) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him.

2

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    June 28, 2026   

_____
UNITED STATES DISTRICT JUDGE